UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO HARDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. _____ |
| v. | ) | (No. 3:08mc0040) |
| | ) | Judge Echols |
| FIRST MEDICAL MANAGEMENT, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

## I. INTRODUCTION
## AND
## BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Charles Bass Correctional Complex (Charles Bass) in Nashville, Tennessee. The plaintiff brings this action against First Medical Management and seventeen (17) other defendants. The plaintiff seeks money damages and injunctive relief, alleging that the defendants violated his rights under the Eighth Amendment.

The plaintiff asserts that, while he was an inmate in the Washington County Jail in November of 2007, he began to have chest pains. (Docket Entry No. 1, ¶ 1, p. 4). Alleging that his initial treatment was inadequate, the plaintiff apparently underwent heart surgery in December. (Docket Entry No. 1, ¶¶ 2-7, pp. 4-5). Thereafter, he was transferred to Charles Bass on December 19, 2007. (Docket Entry No. 1, ¶¶ 9-11, pp. 5-6).

The plaintiff levels numerous allegations concerning the medical care that he has received since being at Charles Bass. First, he alleges that Officer f/n/u Boman ignored his complaints of chest pain and dizziness on January 28, and when Officer Boman eventually took him to the clinic four hours later, he made the plaintiff walk. (Docket Entry No. 1, ¶ 15, p. 7). The plaintiff asserts

that the doctor on duty in the clinic administered nitroglycerin, and had the plaintiff taken by ambulance to the Nashville General Hospital at Meharry ("Meharry"). (Docket Entry No. ¶ 16, p. 7).

The plaintiff asserts that he was "returned to heart surgery" on January 29, and discharged the following day, the doctors at Meharry having prescribed a special diet and medication for him.[1] The plaintiff contends that Officer f/n/u Church "compelled the Meharry medical personnel to discharge [him] before he had recuperated from the heart surgery." (Docket Entry No. 1, ¶ 21, p. 8). According to the plaintiff, Officer Church did not "want to sit prisoners in [the] hosp[ital] when [they] needed to be in prison." (Docket Entry No. 1, ¶ 21, p. 8). The plaintiff alleges further that he has yet to receive the special diet. (Docket Entry No. 1, ¶ 20, p. 8).

The plaintiff does not allege that was not provided the medication prescribed by the doctors at Meharry. He does assert, however, that he is not always given all of his medications, and that the nurse in charge of dispensing medications, identified as Jane Doe # 2, and the nursing supervisor, Brenda Boyd, have permitted his medications to run out. (Docket Entry No. 1, ¶¶ 17, 22, pp. 7-8). According to the plaintiff, George Little, Commissioner, Tennessee Department of Correction (TDOC), and Flora Holland, Warden at Charles Bass, have "condoned" First Medical Management's "policy not to reorder medicine for patients until they are within seven (7) days of running out." (Docket Entry No. 1, ¶ 25, p. 9).

Finally, the plaintiff alleges that he began to experience "severe chest pains, dizziness, and blurred vision" on February 2, 2008, and that he was taken to the clinic. (Docket Entry No. 1, ¶ 23, p. 9). The plaintiff alleges that the nurse on duty, identified as Jane Doe # 3, refused to see him, and that he was instructed to return to his unit. (Docket Entry No. 1, ¶¶ 23-24, p. 9).

---

[1] The plaintiff also asserts that he "believe[s]" that the doctors at Meharry ordered that he be returned. (Docket Entry No. 1, ¶ 19, p. 8)

2

## II. ANALYSIS

To state a claim under § 1983, Plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

To establish a violation of his constitutional rights resulting from a denial of adequate medical care, the plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825,

3

835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*); *Westlake v. Lucas*, 537 F.2d 857, 860-861 n. 5 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 105-06.

An Eighth Amendment claim of denial of medical care claim has both an objective and subjective component. The objective component requires that the plaintiff's medical needs were sufficiently serious. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The subjective component requires that the defendants were deliberately indifferent to the plaintiff's medical needs. *See Wilson v. Seiter*, 501 U.S. 294 (1991); *Hunt*, 974 F.2d at 735.

Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims which sound in state tort law. *Westlake*, 537 F.2d 860-861 n.5. Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of the alleged denial. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

### A. Plaintiff's Claims Arising While Incarcerated in Charles Bass

#### 1. Desiree Andrews

The plaintiff names Desiree Andrews as a defendant to this action, identifying her as the health administrator at Charles Bass, and an employee of First Medical Management. (Docket Entry No. 1, ¶ 8, p. 3). The plaintiff does not, however, mention her anywhere in the statement of his

4

claim.[2] Consequently, the plaintiff has failed to satisfy the first part of the two-part test under *Parratt*, *supra* at p. 3, as to Andrews.

It could be that, because of Andrew's position as health care administrator at Charles Bass, the plaintiff's legal theory is the she is liable to him for the actions of those in her charge under the doctrine of *respondeat superior*. The law is settled, however, that actions brought against a state actor cannot be maintained on a theory of *respondeat superior, see e.g., Monell v. Dept. of Social Serv's of The City of New York, et al.*, 436 U.S. 658, 659, 691-95 (1978); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), unless the defendant was personally involved in the alleged violations of the plaintiff's constitutional rights, *see e.g., Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). For vicarious liability to attach here, Andrews must have "encouraged . . . directly participated . . . authorized, approved, or knowingly acquiesced . . . ." in the violations alleged. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The foregoing pertains to lawsuits that attempt to impute liability to supervisory personnel, such as Andrews. *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507 (6th Cir. 1996).

The plaintiff does not allege that Andrews was directly responsible for any of the alleged actions of those in her charge. Neither does he allege that those in Andrews' charge acted pursuant to a policy or custom established by her that violated his constitutional rights. Accordingly, Andrews is not liable to the plaintiff under the doctrine of *respondeat superior*. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997).

---

[2] The plaintiff does mention Andrews in his demand for relief. However, he provides no factual allegations in his demand for relief from which a claim against can be construed.

5

The plaintiff's claim against Andrews lacks an arguable basis in law or fact. Therefore, it will be dismissed as frivolous.

### 2. Nursing Supervisor Brenda Boyd, and Nurse Jane Doe # 2

The plaintiff alleges that nursing supervisor Boyd and nurse Jane Doe # 2 permitted his medications to run out. The plaintiff does not allege, however, nor can it be liberally construed from the complaint, that they did so out of deliberate indifference to his medical needs. In the absence of any factual allegations, the most that can be inferred from the claim is that nursing supervisor Boyd and nurse Jane Doe # 2 were negligent in permitting his medications to run out. As previously established, *supra* at pp. 3-4, negligence – even gross negligence – does not constitute deliberate indifference. Nor, for reasons previously explained, *supra* at p. 5, is nursing supervisor Boyd liable to the plaintiff for nurse Jane Doe # 2's actions under the doctrine of *respondeat superior.*

As to the plaintiff's claim that he is not always provided the medications that have been prescribed, the plaintiff does not link this claim to either of these defendants, or anyone else for that matter. As explained at p. 8, the courts are not required to conjure up unpled facts. Even if it were possible to determine from the complaint that nursing supervisor Boyd and/or nurse Jane Doe # 2 were responsible for the inconsistent manner in which his medications have been administered – which it is not – the plaintiff once again provides no factual allegations from which deliberate indifference might be inferred. For the reasons explained *infra* at p. 8, such a claim would be conclusory and subject to dismissal.

The plaintiff's claims against nursing supervisor Boyd and nurse Jane Doe # 2 will be dismissed for failure to state a claim on which relief may be granted.

### 3. First Medical Management, Commissioner George Little, and Warden Flora Holland

The plaintiff's only apparent claim against First Medical Management is that it has a policy at Charles Bass of not reordering a prisoner's medications "until they are within seven (7) days of running out." The plaintiff's only apparent claim against Commissioner Little and Warden Holland is that they "condone" this policy. According to the plaintiff, the policy should be to maintain "a 30 day supply." Notwithstanding the plaintiff's personal views, a policy of reordering medications a week before they run out can scarcely be characterized as deliberate indifference.

This claim lacks an arguable basis in law or fact. Accordingly it will be dismissed as frivolous.[3]

### 4. Officers Boman and Church, and Nurse Jane Doe # 3

The plaintiff's claim against Officer Boman is that he delayed taking the plaintiff to the clinic, and that when he finally did, Officer Boman required him to walk.

Delays in providing medical care do not rise to the level of a constitutional violation unless the plaintiff complains that he suffered a detrimental effect to his health as a consequence of the alleged delay. *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005)(citing *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)). The plaintiff does not allege that the alleged delay had a detrimental effect on his health, nor can such an inference be liberally construed from the complaint.

As to his claim that he was required to walk to the clinic, the plaintiff provides no factual allegations that being required to walk amounted to deliberate indifference on Officer Boman's part.

---

[3] Even if the Court were to liberally construe the complaint to allege that First Medical Management, Commissioner Little, and Warden Holland are responsible for the actions of the staff at Charles Bass, for the reasons previously explained, *supra* at p. 5, once again, none of these defendants is liable to the plaintiff under the doctrine of *respondeat superior.*

The plaintiff does not allege that being required to walk exacerbated his condition.  Neither does he claim that he told Officer Boman he was unable to walk to the clinic but Officer Boman forced him to anyway, that he asked Officer Boman to get him a wheelchair or a stretcher/gurney but that Officer Boman refused, that it took the plaintiff longer to get to the clinic by walking than if he been taken there by other means, or that Officer Boman subjected the plaintiff to verbal abuse while they were *en route* to the clinic, etc.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990).  More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements.  *Id.*  Specifically, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations.  *Wells*, 891 F.2d at 594 (citing *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983)).  Absent any factual allegations, the plaintiff's claim that Officer Boman made him walk to the clinic is conclusory and, therefore, subject to dismissal.  *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

Next, the plaintiff claims that Officer Church "compelled" the medical staff at Meharry Hospital to discharge him, allegedly because Officer Church felt that prisoners should be in prison, not in hospitals.  Assuming for the sake of argument that Officer Church had the authority to "compel" the plaintiff's discharge, and that he was not acting under orders to return the plaintiff to Charles Bass, and assuming that Officer Church confided in the plaintiff his reasoning for having

8

the plaintiff discharged, the plaintiff does not allege, nor can it be liberally construed from the complaint, that his health suffered from his return to Charles Bass.

Finally, the plaintiff alleges that nurse Jane Doe # 3 refused to see him on February 2, 2008. Taking the facts alleged by the plaintiff as true, once again the plaintiff does not allege, not can it be liberally construed from the complaint, that his health suffered.

For the reasons stated above, the plaintiff's claims against Officers Boman and Church, as well as nurse Jane Doe # 3, will be dismissed for failure to state a claim on which relief may be granted.

### B. Plaintiff's Claims Arising While Incarcerated in the Washington County Jail

Venue in this action is governed by 28 U.S.C. § 1391(b). Section 1391(b) requires that an action be brought only in: 1) a judicial district where any defendant resides, if all defendants reside in the same state; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or 3) a judicial district in which defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought.

The remaining defendants to this action reside/are located in Washington County, Tennessee. The alleged events to which the remaining defendants are linked also occurred in Washington County. Washington County is within the jurisdiction of the United States District Court for the Eastern District of Tennessee. 28 U.S.C. § 123(a)(1).

Because venue as to the remaining defendants/claims lies in the Eastern District of Tennessee, the Clerk will be directed to transfer this case to the United States District Court for the Eastern District of Tennessee, Northern Division in Knoxville to adjudicate the plaintiff's claims against the remaining defendants. 28 U.S.C. §§ 123(a)(1); 1406(a).

9

## III. CONCLUSION

The plaintiff's claims against First Medical Management, Commissioner Little, Warden Holland, and Desiree Andrews, health administrator at Charles Bass, will be dismissed as frivolous. The plaintiff's claims against nursing supervisor Brenda Boyd, Nurses Jane Doe # 2 and # 3, and Officers Boman and Church will be dismissed for failure to state a claim. The plaintiff's remaining claims against the remaining defendants will be transferred to the United States District Court for the Eastern District of Tennessee, Northern Division for disposition.

An appropriate Order will be entered.

_____
Robert L. Echols
United States District Judge